## MARY A. LUDLOW v. J. W. BREWSTER, AUDITOR.

1. TAXATION OF LEASEHOLD PROPERTY OF A MUNICIPALITY.

> Lands held under lease for any term exceeding fourteen years, and not subject to revaluation, belonging to a municipal corporation, are made subject to taxation by sec. 2733, Rev. Stat., as passed February 17, 1881, although they are exempt under the provisions of sec. 2732.

2. JUDICIAL NOTICE OF MATTERS OF COMMON HISTORY.

> Courts will take judicial notice that lands leased years ago were leased at much less than their present value.

SWING, J.

The action of the plaintiff below was for an injunction against the auditor of Hamilton county.

The petition alleged that the plaintiff was the owner of a leasehold of certain property in the city of Cincinnati, the term of the lease being 99 years renewable forever.

That one Joseph Hughes, the former owner of said property, gave the said property to the support of schools; that by his last will, through trustees, this property was leased, the rents to be used for the establishment and support of said school.

That said rents were transferred to the city of Cincinnati for the use of schools, etc.

That the auditor is about to place the same on the tax duplicate and assess taxes against the same.

The auditor filed a demurrer, and the court overruled the demurrer and granted the plaintiff the relief prayed for.

Are the lands taxable?

This depends on the construction to be given to secs. 2732 and 2733, Rev. Stat. By sec. 2732, this property is clearly exempt from taxation; it then remains to be seen whether sec. 2733 makes it taxable. This section reads as follows: "All lands held under a lease for any term exceeding fourteen years, and not subject to revaluation, belonging to the state or any municipal corporation * * * or to trustees for free education only, and school and ministerial lands, shall be considered for all purposes of taxation as the property of the person or persons holding the same, and shall be assessed in their name." This section, as it now stands, was passed February 17, 1881, and subsequent to sec.

---

* This judgment was affirmed by the supreme court, without report, February 2, 1892.

2732. This section does not in terms repeal any portion of sec. 2732; does it by implication?

These two sections, we think, must be construed together, to ascertain, if possible, the meaning of the legislature. Section 2733, standing by itself, is not intelligible; by its terms it implies that the kinds of property mentioned therein have by some previous section been exempted from taxation and assessment.

Bishop on the Written Law, sec. 154, says: "An affirmative statute repeals by implication, so much of the prior law as, after the harmonizing work of interpretation is fully done, remains repugnant to it; for it is the last expression of the work of the law-making power. * * * The law does not favor repeals by implication, and they will not be adjudged to occur, except when they are inevitable, or plainly the legislature means them. * * * "

That sec. 2733 is an affirmative and taxing section and not open to controversy, is decided by our supreme court in the case of Bentley v. Barton, 41 O. S., 410, the second proposition of the syllabus reading as follows: "That sec. 2733, Rev. Stat., provided for the taxation of such lands held under such lease, as the property of the lessee."

Applying the general rules of construction as given above, and the decision of our supreme court to the question before us, we are satisfied that the legislature intended by sec. 2733 to make taxable the lands therein mentioned, and which were exempted by the preceding section. Unless such meaning is given this section, it is of no force or effect whatever. And we can conceive of no reason for it. But we think that there is a good and sufficient reason why such leaseholds should be taxed and taken out of those exempted under sec. 2732. It is a part of the history of the country, of which courts must take judicial notice, that lands leased years ago, were leased at very much less than their present value, and with no right of revaluation, it seems to us nothing more than right that the persons owning them should have their equal share of the burden of carrying on the affairs of the government. And it seems to us clear, that the legislature intended by this section to make such leaseholds taxable.

The judgment of the court below will therefore be reversed at the cost of the plaintiff in error, and this court will render such judgment as the court below should have rendered, which is that the demurrer of the defendant should be sustained and the petition of the plaintiff be dismissed with cost.

H. B. Turrill and John A. Shank, for plaintiff.

Davidson & Hertenstein, county solicitors, for defendant.

---

## TRUST FUNDS. 84